IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**FILED**

JUL - 1 2002

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

PENNY KENNEDY, RAYMOND
KENNEDY, individually
and as the legal guardians
and natural parents of
TREVOR KENNEDY,

        Plaintiffs,

v.

CIVIL ACTION NO. 2:02- 0906
(Case No. 02-C-133
(Circuit Court of Logan County)

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., DR.
PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER,
INC., d/b/a WOMEN AND CHILDREN'S
HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL
d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a
CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the
STATE OF WEST VIRGINIA, AND
GORDON J. GREEN, Individually,

        Defendants.

## NOTICE OF REMOVAL

Now comes the United States of America ("United States") and pursuant to 28 U.S.C. § 1446, gives notice of the removal of the above-styled action from the Circuit Court of Logan County to the United States District Court at Charleston. As grounds for removal the United States represents as follows:

1.    Community Health Foundation of Man, West Virginia, Inc. ("CHF") and its employee, Plaridel Tordilla, M.D., are named defendants in a civil action filed in the Circuit Court of Logan County on or about April 24, 2002.  (Ex. 1)

2.    The complaint alleges that CHF and Plaridel Tordilla, M.D., were negligent when they failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy, and failing to adequately monitor, supervise and investigate his medical condition. As a result of their negligence, plaintiffs allege that Trevor suffered extreme pain and partial paralysis. (Ex. 1)

3.    At all times relevant to the complaint, CHF and Plaridel Tordilla, M.D. were "deemed" employees of the United States for purposes of the Public Health Service ("PHS") Act, 42 U.S.C § 233(h), as amended by the Federally Supported Health Centers Assistance Act of 1992, as amended in 1995.  ("the Act").  (Ex. 2)

4.    The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680, provides the exclusive remedy for medical and related services performed by employees of deemed entities while acting in the scope of their employment. 42 U.S.C. § 233(a).

5.    The Attorney General, acting through his designee, the United States Attorney for the Southern District of West Virginia, has certified that the actions of CHF and Plaridel Tordilla, as set forth in the complaint, were within the scope of their employment. (Ex. 3)

6.    Upon said certification, this action is properly removed, without bond, any time before trial, to the United States District

2

Court for the district and division in which the action is pending. 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c).

7.   The removal of this civil action is properly effected by the filing of a notice of removal in the district court.   28 U.S.C. § 1446.

8.   A copy of the Logan County Circuit Court docket sheet relating to this action is attached as Exhibit 4.

WHEREFORE, based upon the foregoing, the United States respectfully submits that this action is properly removed from the Circuit Court of Logan County, West Virginia, to the United States District Court at Charleston.

Respectfully submitted,

KASEY WARNER
United States Attorney

By:   _____
STEPHEN M. HORN
Assistant United States Attorney
P.O. Box 1713
Charleston, WV    25326-1713
(304)345-2200

MAY-01-02 01:29 PM COMMUNITY HEALTH FOUNDATION

## SUMMONS

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNYKENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

PLAINTIFFS

v.

CIVIL ACTION NO. 02-C-15

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the state of West Virginia, and
DR. GORDON J. GREEN, individually

DEFENDANTS

To the above-named Defendant:  DR. PLARIDEL TORDILLA
504 W. MCDONALD AVE.
MAN, W.V., 25635

### SERVE PERSONALLY

SERVICE OF SUMMONS & COMPLAINT
IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby

Summoned and required to serve upon PAMELA A. LAMBERT, ATTORNEY
AT LAW, plaintiff's attorney, whose address is P.O. DRAWER 926, GILBERT,
WV 25621, an answer, including any related counterclaim you may have,

GOVERNMENT
EXHIBIT



MAY-01-02 01:30 PM  COMMUNITY HEALTH CENTER

to the complaint filed against you in the above styled civil action, a true
copy of which is herewith delivered to you.  You are required to serve
your answer within -20- days after service of this summons upon you
exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint and
you will be thereafter barred from asserting in another action any claim
you may have which must be asserted by counterclaim in the above styled
civil action.

Dated

Clerk of Court

By

Deputy

MAY-01-02 01:30 PM   COMMUNITYHEALTH...

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNYKENNEDY,
RAYMOND KENNEDY
individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

PLAINTIFFS

v.

CIVIL ACTION NO. ___02 C-133-0___

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

DEFENDANTS

### COMPLAINT

Comes now the Plaintiffs, Penny Kennedy and Raymond
Kennedy, individually and as the legal guardians and natural
parents of Trevor Kennedy, and complains against the Defendants,
Community Health Foundation of Man, West Virginia, Inc., Dr.
Plaridel Tordilla, Charleston Area Medical Center, Inc., d/b/a
Women and Children's Hospital of West Virginia, d/b/a Women and
Children's Hospital, d/b/a CAMC Children's Hospital, d/b/a CAMC
Women's Hospital, d/b/a CAMC Women and Children's Hospital,
New Century Emergency Physicians Inc., W.V., a West Virginia
Corporation, INPHYNET Hospital Services, Inc., a foreign
corporation, doing business in the state of West Virginia, and Dr.
Gordon J. Green, jointly and severally, as follows:

### COUNT I

1.    At all times relevant herein, the Plaintiffs were residents of Simon , Wyoming County, West Virginia and Penny and Raymond Kennedy are the parents of Trevor Kennedy.

2.    At all times relevant herein, the Defendant, Community Health Foundation, a West Virginia corporation, has its principal place of business in Man, W.V., providing health care services to the public and the plaintiff, Trevor Kennedy and its agent for service of process is Charles D. Williamson, 600 East McDonald Ave., Man, W.V., 25635.

3.    At all times relevant herein, the Defendant, Charleston Area Medical Center, a West Virginia corporation, has its principal place of business in Charleston, W.V., and owned, operated and conducted business as Women and Children's Hospital of West Virginia, Women and Children's Hospital, CAMC Women's Hospital, CAMC Children's Hospital, CAMC Women and Children's Hospital, in Charleston, Kanawha County, W.V., providing health care services to the public, including the Plaintiff, Trevor Kennedy, and it's agent for service of process is Marshall A. McMullen Jr., P.O. Box 3669, Charleston, W.V., 25336.

3.    At all times relevant herein, New Century Emergency Physicians, Inc., W.V., a West Virginia corporation, has its principal place of business in Charleston, W.V., its agent for service of process is December Harper, 8111 Timberlodge Trail, Dayton, Ohio, 45458, and/or InPhyNet Hospital Services Inc., a foreign corporation conducted business in West Virginia, its agent for service of process is, Corporate Service Company, 1600 Laidley Tower, Charleston, W.V., 25301, and contracted physicians to Charleston Area Medical Center, including, Dr. Gordon J. Green.

4.    At all times relevant herein, the Plaintiff's allege that the defendant, Dr. Piaridel Tordilla, was a resident of Man, Logan County, West Virginia.

5.    At all times relevant herein, the Plaintiff's allege that the defendant, Dr. Gordon J. Green, was a resident of Charleston, Kanawha County, West Virginia.

MAY-01-02 01:34 PM   COMMUNITY HEALTH FOUNDATION

14. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, further deviated from the medical standard of care and was negligent in the following, but not limited to only, the following ways:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and their son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy while he was presenting for care at Community Health Foundation of Man.

f. Failed to consult with appropriate medical and other neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment

k. Failed to properly examine and investigate the "extreme pain and inability to walk" of Trevor Kennedy.

15. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Plaridel Tordilla, Trevor Kennedy, suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

<u>COUNT III</u>

16. The Plaintiffs reallege each and every allegation contained in Count I & II of the Complaint as if herein set forth in extenso.

17. The Plaintiffs allege that, the Defendants, Community Health Foundation of Man, West Virginia, Inc., represents itself as a medical treatment facility with pediatric facilities, and acting by and through its agents, ostensible agents, servants and/or employees within the scope of their agency, ostensible agency and/or employment deviated from the applicable standard of medical care and was negligent in regard to their medical care of Trevor Kennedy, in the following ways, among others:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and the Plaintiffs son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy during his visits at the pediatric clinic;

f. Failed to consult with appropriate medical and neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs son, Trevor Kennedy, to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment;

18. As a direct and proximate result of the deviation from the standard of care and negligence of this Defendant, Trevor Kennedy suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

## COUNT IV

19. The Plaintiffs reallege each and every allegation contained in Count I-III of the Complaint as if herein set forth in extenso.

20. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, New Century Emergency Physicians Inc., and InPhyNet Hospital Services Inc., represents Dr. Gordon J. Green, as a medical doctor and an emergency room physician qualified to do emergency care.

21. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, was the primary physician responsible for the care and treatment of Trevor Kennedy while at Charleston Area Medical Center, Women and Children's Hospital on or about April 30, 2000.

22. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, deviated from the medical standard of care and was negligent in evaluating the paying Plaintiffs son, Trevor Kennedy, and in fact failed to fully examine and evaluate Trevor Kennedy in light of the presenting medical complaints.

23. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, was fully aware that this was not the first time the plaintiff

MAY-01-02 01:55 PM COMMUNITYHEALTHFOUNDATIO 304000000

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment;

k. Failed to properly examine and investigate the "extreme pain and inability to walk" of Trevor Kennedy.

25. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Gordon J. Green, Trevor Kennedy, suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

## COUNT V

26. The Plaintiffs reallege each and every allegation contained in Count I-IV of the Complaint as if herein set forth in extenso.

27. The Plaintiffs allege that, the Defendants, Charleston Area Medical Center, Women and Children's Hospital Inc., represents itself as a medical treatment facility with a specialty in pediatric facilities, and acting by and through its agents, ostensible agents, servants and/or employees within the scope of their agency, ostensible agency and/or employment deviated from the applicable standard of medical care and was negligent in regard to their medical care of Trevor Kennedy, in the following ways, among others:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and the Plaintiffs son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy during his stay in the emergency room;

f. Failed to consult with appropriate medical and neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs son, Trevor Kennedy, to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment;

28. As a direct and proximate result of the deviation from the standard of care and negligence of this Defendant, Trevor Kennedy suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

## COUNT VI

29. The Plaintiffs reallege each and every allegation of Count I-V as if herein set forth in extenso.

30. The Plaintiffs allege that as a direct and proximate result of the deviation from the standard of care and the negligence of the Defendants that they watched as Trevor Kennedy was in extreme pain and was unable to function his lower body and/or walk, he suffered from a delay in diagnosis of an Astro-Cytoma in his spine causing further pain, suffering, partial paralysis and a possible shortened life span.

MAY-01-02 01:56 PM   COMMUNITYHEALTHFOUNDATAO   ...

31. The Plaintiffs allege that as a direct and proximate result of the Deviation from the standard of care and the negligence of the Defendants that their lives have been permanently and forever changed and damaged and that they no longer have the ability to enjoy life.

32. The Plaintiffs allege that as a direct and proximate result of the Deviation from the standard of care and the negligence of the Defendants that their son, Trevor, lost a chance at a normal life and faces the possibility of a shortened life span.

## COUNT VII

33. The Plaintiffs reallege each and every allegation contained in Count I-VI of the Complaint as if herein set forth in extenso.

34. The Plaintiffs allege that the Defendants each impliedly warranted and contracted with the Plaintiffs that the medical care and treatment rendered to the decedent would be of the proper degree, skill and by learned professionals with the proper equipment as that of a reasonably prudent health care provider in the dame or similar conditions as defined by the WV Code.

35. The Plaintiffs allege that the Defendants breached their implied warranty and contract and duty and negligently failed to exercise the degree of care, skill and learning required or expected of a reasonable, prudent health care provider in this class and under the same or similar conditions.

## COUNT VIII

36. The Plaintiffs reallege each and every allegations of Count I-VII of the Complaint as if herein set forth in extenso.

WHEREFORE, the Plaintiffs, do hereby demand judgement against the Defendants, jointly and severally, as follows:

A. Compensatory damages in excess of this Honorable Court's minimum jurisdiction,

B. Punitive damages

MAY-01-02 01:36 PM   COMMUNITIHEALTH CONSULTS

C. Prejudgement and Postjudgement interest
D. Attorney fees, court costs and
E. Any and all other reasonable costs and expenses this
Honorable Court may deem proper and just.

THE PLAINTIFFS DEMAND A TRIAL BY JURY

PENNY KENNEDY, RAYMOND
KENNEDY AND TREVOR
KENNEDY,
BY COUNSEL,

PAMELA A. LAMBERT #2128
LAMBERT AND NEW
P.O. DRAWER 926
GILBERT, W.V., 25621
304-664-3096

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Penny Kennedy, Raymond Kennedy,          )
individually and as the legal            )
guardians and natural parents of         )
Trevor Kennedy,                          )
                                         )
                                         )
          Plaintiffs,                    )
                                         )
          v:                             )          Civil Action No.
                                         )
Community Health Foundation of           )
Man, West Virginia, Inc., Dr.            )
Plaridel Tordilla, individually,         )
Charleston Area Medical Center,          )
Inc., d/b/a Women and Children's         )
Hospital of West Virginia, d/b/a         )
Women and Children's Hospital            )
d/b/a CAMC Children's Hospital,          )
d/b/a CAMC Women's Hospital, d/b/a)
CAMC Women and Children's                )
Hospital, New Century Emergency          )
Physicians, Inc., W.V., a West           )
Virginia Corporation, Inphynet           )
Hospital Services, Inc., a foreign)
corporation, doing business in the)
State of West Virginia, and Dr.          )
Gordon J. Green, individually,           )
                                         )
                                         )
          Defendants.                    )
                                         )

DECLARATION OF
RICHARD G. BERGERON

1.   I am an Attorney in the Division of Business and
Administrative Law, Office of the General Counsel, Department of
Health and Human Services (the "Department").  I am familiar with
the official records of administrative tort claims maintained by

GOVERNMENT
EXHIBIT
2

-2-

the Department as well as with the system by which those records are maintained.

2.   The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.   Plaintiffs filed an administrative claim on May 29, 2002; to date no final disposition has been made.

4.   I have also reviewed official agency records and determined that Community Health Foundation of Man, West Virginia, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1996 and that its coverage has continued without interruption since that time.  A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Community Health Foundation of Man, West Virginia, Inc., is attached to this declaration as Exhibit 1.

5.   Official agency records further indicate that Plaridel Tordilla, M.D., was an employee of Community Health Foundation of Man, West Virginia, at all times relevant to Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct.    28 U.S.C. § 1746.

- 3 -

Dated at Washington, D.C., this _20th_ day of

_June_, 2002

RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

JUN 20 1996

Health Resources and
Services Administration
Bethesda MD 20814

Mr. Charles Williamson
Executive Director
Community Health Foundation of Man
600 East McDonald Avenue
Man, West Virginia 25635

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public
Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health
Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an
employee of the Federal Government, effective July 1, 1996, for the purposes of Section 224.
Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for
damage for personal injury, including death, resulting from the performance of medical, surgical,
dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing
board members, employees, and contractors who are physicians or other licensed or certified
health care practitioners working full-time (minimum 32.5 hours per week) or part-time
providing family practice, general internal medicine, general pediatrics, or
obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of
having malpractice coverage under the FTCA, if a covered health care professional meets the
appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules,
and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA
as meeting whatever malpractice insurance coverage requirements such plans may require of
contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy
of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap.
Therefore, any coverage limits that may be mandated by other organizations are met. For
example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would,
as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a
judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA
Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

PENNY KENNEDY, RAYMOND
KENNEDY, individually
and as the legal guardians
and natural parents of
TREVOR KENNEDY,

        Plaintiffs,

v.

                                    CIVIL ACTION NO.
                                    (Case No. 02-C-133
                                    (Circuit Court of Logan County)

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., DR.
PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER,
INC., d/b/a WOMEN AND CHILDREN'S
HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL
d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a
CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the
STATE OF WEST VIRGINIA, AND
GORDON J. GREEN, Individually,

        Defendants.

## CERTIFICATION

    I, KASEY WARNER, United States Attorney for the Southern District of West Virginia represent as follows:

    (1) I have read the complaint in the above-styled civil action;

    (2) I have read the declaration of Richard G. Bergeron and Ex. 1 to said declaration, copies of which are attached hereto as Ex. A.

    (3) As set forth in Ex. A, at all times relevant to the complaint, Community Health Foundation of Man, West Virginia, Inc.,

GOVERNMENT
EXHIBIT
3

and its employee, Plaridel Tordilla, were deemed employees of the Public Health Service while acting in the scope of their employment.

WHEREFORE, pursuant to 28 U.S.C. § 2679(d), 42 U.S.C. § 233(c), and by virtue of the authority vested in me by 28 C.F.R. § 15.3, I hereby CERTIFY that based upon the information available to me, Community Health Foundation of Man, West Virginia, Inc. and its employee Plaridel Tordilla, were acting in the scope of their employment with respect to the allegations set forth in the complaint.

Signed this _27th_ day of June, 2002.

KASEY WARNER, United States Attorney

GOVERNMENT EXHIBIT
3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Penny Kennedy, Raymond Kennedy,      )
individually and as the legal        )
guardians and natural parents of     )
Trevor Kennedy,                      )
                                     )
                                     )
        Plaintiffs,                  )
                                     )
             v.                      )        Civil Action No.
                                     )
Community Health Foundation of       )
Man, West Virginia, Inc., Dr.        )
Plaridel Tordilla, individually,     )
Charleston Area Medical Center,      )
Inc., d/b/a Women and Children's     )
Hospital of West Virginia, d/b/a     )
Women and Children's Hospital        )
d/b/a CAMC Children's Hospital,      )
d/b/a CAMC Women's Hospital, d/b/a)
CAMC Women and Children's            )
Hospital, New Century Emergency      )
Physicians, Inc., W.V., a West       )
Virginia Corporation, Inphynet       )
Hospital Services, Inc., a foreign)
corporation, doing business in the)
State of West Virginia, and Dr.      )
Gordon J. Green, individually,       )
                                     )
                                     )
        Defendants.                  )
                                     )

DECLARATION OF
RICHARD G. BERGERON

     1.   I am an Attorney in the Division of Business and

Administrative Law, Office of the General Counsel, Department of

Health and Human Services (the "Department").  I am familiar with

the official records of administrative tort claims maintained by

**EXHIBIT A**

-2-

the Department as well as with the system by which those records are maintained.

2.  The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  Plaintiffs filed an administrative claim on May 29, 2002; to date no final disposition has been made.

4.  I have also reviewed official agency records and determined that Community Health Foundation of Man, West Virginia, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1996 and that its coverage has continued without interruption since that time.  A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Community Health Foundation of Man, West Virginia, Inc., is attached to this declaration as Exhibit 1.

5.  Official agency records further indicate that Plaridel Tordilla, M.D., was an employee of Community Health Foundation of Man, West Virginia, at all times relevant to Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

-3-

Dated at Washington, D.C., this 20th day of

June , 2002

RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

JUN 20 1996

Health Resources and
Services Administration
Bethesda MD 20814

Mr. Charles Williamson
Executive Director
Community Health Foundation of Man
600 East McDonald Avenue
Man, West Virginia 25635

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public
Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health
Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an
employee of the Federal Government, effective July 1, 1996. for the purposes of Section 224.
Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for
damage for personal injury, including death, resulting from the performance of medical, surgical.
dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing
board members, employees, and contractors who are physicians or other licensed or certified
health care practitioners working full-time (minimum 32.5 hours per week) or part-time
providing family practice, general internal medicine, general pediatrics, or
obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of
having malpractice coverage under the FTCA, if a covered health care professional meets the
appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules,
and regulations of the medical staff.  Moreover, managed care plans are required to accept FTCA
as meeting whatever malpractice insurance coverage requirements such plans may require of
contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy
of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap.
Therefore, any coverage limits that may be mandated by other organizations are met.  For
example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would,
as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a
judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA
Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

**EXHIBIT 1**

06/28/2002 13:31    3047928555              ALVIS PORTER                    PAGE 01

CASE 02-C-133          LOGAN

PENNY KENNEDY                    vs. COMMUNITY HEALTH FOUNDATION OF

LINE   DATE    ACTION

     1 04/24/02  COMPLAINT AND SUMMONS FILED THIS DAY. SENT TO SEC OF STATE
     2           FOR SERVICE. (RN)
     3 04/30/02  RETURN FROM SEC STATE ACCEPTED FOR 8 COMPANIES FILED THIS
     4           DAY. (RN)
     5 05/07/02  CERTIFICATE OF MERIT FOR DR. CAROL MILLER AND DR. LAWRENCE
     6           SCHLACHTER, FILED THIS DAY.      (BN)
     7 05/21/02  MOTION TO DISMISS AND ANSWER OF GORDON J. GREEN, M.D. AND
     8           IN PHY NET HOSPITAL SERVICES, INC. TO PLAINTFFS' COMPLAINT,
     9           FILED THIS DAY.   (BN)
    10 05/23/02  MOTION TO DISMISS AND AMENDED ANSWER OF GORDON J. GREEN, M.D.
    11           AND IN PHY NET HOSPITAL SERVICES, INC. TO PLAINTIFFS'
    12           COMPLAINT, FILED THIS DAY.      (BN)
    13 05/28/02  ANSWER OF DEFENDANT CHARLESTON AREA MEDICAL CENTER, INC.
    14           INDIVIDUALLY, AND D/B/A WOMEN AND CHILDREN'S HOSPITAL, D/B/A
    15           CAMC CHILDREN'S HOSPITAL, D/B/A CAMC WOMEN'S HOSPITAL, AND
    16           D/B/A CAMC WOMEN AND CHILDREN'S HOSPITAL TO THE COMPLAINT,
    17           FILED THIS DAY.      (BN)
    18 05/29/02  MOTION TO DISMISS OF NEW CENTURY EMERGENCY PHYSICIANS, INC.
    19           W.V., A WV CORP., FILED THIS DAY.     (BN)
    20 05/31/02  DEFENDANT, GORDON J. GREEN, M.D.'S FIRST SET OF INTERROGATORIES
    21           REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO THE
    22           PLAINTIFF, FILED THIS DAY.            (BN)
    23 06/21/02  CERTIFICATE OF SERVICE FOR INTERROGATORIES AND REQUESTS FOR
    24           PRODUCTION OF DOCUMENTS AND THINGS TO PENNY KENNEDY, RAYMOND
    25           KENNEDY, INDIVIDUALLY AND AS THE LEGAL GUARDIANS AND NATURAL
    26           PARENTS OF TREVOR KENNEDY FROM DEFENDANT, CHARLESTON AREA
    27           MEDICAL CENTER, INC., FILED THIS DAY.   (BN)
    28 06/26/02  ORDER TO REFUND $20.00 TO PAMELA LAMBERT FOR OVERPAYMENT TO
    29           SEC. OF STATE ENTERED THIS DAY. BOOK 203 PAGE 433 (DR)


GOVERNMENT EXHIBIT 4

CERTIFICATE OF SERVICE

I, Stephen M. Horn Assistant United States Attorney for the Southern District of West Virginia, hereby certify that service of the **MOTION TO DISMISS UNITED STATES FOR WANT OF SUBJECT MATTER JURISDICTION FOR FAILURE TO FILE A CLAIM PURSUANT TO THE FEDERAL TORT CLAIMS ACT** and **MEMORANDUM OF LAW** made this 1st day of July, 2002 by mailing a true copy through the United States mail, postage prepaid, to the following:

Pamela A. Lambert, Esquire
P.O. Drawer 926
Gilbert, WV   25621

Cheryl Eifort, Esquire
Office of General Counsel
501 Morris Street
P.O. Box 3669
Charleston, West Virginia   25336

David E. Schumacher, Esquire
Schumacher, Francis and Nelson
1600 Kanawha Valley Building
300 Capitol Street
P.O. Box 3029
Charleston, West Virginia   25331

Karen Tracy NcElhinny
Shuman, McCuskey and Slicer, PLLC
1411 Virginia Street, East, Suite 200
Charleston, West Virginia   25301

STEPHEN M. HORN
Assistant United States Attorney

ldj