IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

PENNY KENNEDY, RAYMOND
KENNEDY, individually
and as the legal guardians
and natural parents of
TREVOR KENNEDY,

    Plaintiffs,

v.       CIVIL ACTION NO. 2:02-0906

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., DR.
PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER,
INC., d/b/a WOMEN AND CHILDREN'S
HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL
d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a
CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the
STATE OF WEST VIRGINIA, AND
GORDON J. GREEN, Individually,

    Defendants.

**UNITED STATES MOTION TO DISMISS
COMMUNITY HEALTH FOUNDATION OF MAN, WEST VIRGINIA, INC.
AND PLARIDEL TORDILLA, M.D.
AND SUBSTITUTE THE UNITED STATES**

Now comes the United States of America ("United States") and pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c) hereby moves to dismiss Community Health Foundation of Man, West Virginia, Inc. and Plaridel Tordilla, M.D., and substitute the United States as the proper defendant.

3

In support of this motion, the United States incorporates a copy[1] of the Certification of the United States Attorney, (Ex. 1) and the Declaration of Richard G. Bergeron (Ex. 2) and a Memorandum of Law.

WHEREFORE, the United States respectfully requests that Community Health Foundation of Man, West Virginia, Inc. and Plaridel Tordilla, M.D. be dismissed and the United States be substituted as the proper defendant.

Respectfully submitted,

KASEY WARNER
United States Attorney

STEPHEN M. HORN
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326
(304) 345-2200

---

[1] The original Certification and Declaration are attached to the United States Notice of Removal.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

PENNY KENNEDY, RAYMOND
KENNEDY, individually
and as the legal guardians
and natural parents of
TREVOR KENNEDY,

        Plaintiffs,

v.

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., DR.
PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER,
INC., d/b/a WOMEN AND CHILDREN'S
HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL
d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a
CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the
STATE OF WEST VIRGINIA, AND
GORDON J. GREEN, Individually,

        Defendants.

CIVIL ACTION NO.
(Case No. 02-C-133)
(Circuit Court of Logan County)

## CERTIFICATION

    I, KASEY WARNER, United States Attorney for the Southern District of West Virginia represent as follows:

    (1) I have read the complaint in the above-styled civil action;

    (2) I have read the declaration of Richard G. Bergeron and Ex. 1 to said declaration, copies of which are attached hereto as Ex. A.

    (3) As set forth in Ex. A, at all times relevant to the complaint, Community Health Foundation of Man, West Virginia, Inc.,


GOVERNMENT EXHIBIT 1

and its employee, Plaridel Tordilla, were deemed employees of the Public Health Service while acting in the scope of their employment.

WHEREFORE, pursuant to 28 U.S.C. § 2679(d), 42 U.S.C. § 233(c), and by virtue of the authority vested in me by 28 C.F.R. § 15.3, I hereby CERTIFY that based upon the information available to me, Community Health Foundation of Man, West Virginia, Inc. and its employee Plaridel Tordilla, were acting in the scope of their employment with respect to the allegations set forth in the complaint.

Signed this 27th day of June, 2002.

_____
KASEY WARNER, United States Attorney

GOVERNMENT EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| Penny Kennedy, Raymond Kennedy, individually and as the legal guardians and natural parents of Trevor Kennedy,<br><br>Plaintiffs,<br><br>v.<br><br>Community Health Foundation of Man, West Virginia, Inc., Dr. Plaridel Tordilla, individually, Charleston Area Medical Center, Inc., d/b/a Women and Children's Hospital of West Virginia, d/b/a Women and Children's Hospital d/b/a CAMC Children's Hospital, d/b/a CAMC Women's Hospital, d/b/a CAMC Women and Children's Hospital, New Century Emergency Physicians, Inc., W.V., a West Virginia Corporation, Inphynet Hospital Services, Inc., a foreign corporation, doing business in the State of West Virginia, and Dr. Gordon J. Green, individually,<br><br>Defendants. | Civil Action No. |

DECLARATION OF
RICHARD G. BERGERON

1. I am an Attorney in the Division of Business and Administrative Law, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by

**EXHIBIT A**

-2-

the Department as well as with the system by which those records are maintained.

2. The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. Plaintiffs filed an administrative claim on May 29, 2002; to date no final disposition has been made.

4. I have also reviewed official agency records and determined that Community Health Foundation of Man, West Virginia, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1996 and that its coverage has continued without interruption since that time. A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Community Health Foundation of Man, West Virginia, Inc., is attached to this declaration as Exhibit 1.

5. Official agency records further indicate that Plaridel Tordilla, M.D., was an employee of Community Health Foundation of Man, West Virginia, at all times relevant to Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

-3-

Dated at Washington, D.C., this 20th day of June, 2002

*[signature]*
RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

JUN 20 1996

Mr. Charles Williamson
Executive Director
Community Health Foundation of Man
600 East McDonald Avenue
Man, West Virginia 25635

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective July 1, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| Penny Kennedy, Raymond Kennedy, individually and as the legal guardians and natural parents of Trevor Kennedy,<br><br>Plaintiffs,<br><br>v.<br><br>Community Health Foundation of Man, West Virginia, Inc., Dr. Plaridel Tordilla, individually, Charleston Area Medical Center, Inc., d/b/a Women and Children's Hospital of West Virginia, d/b/a Women and Children's Hospital d/b/a CAMC Children's Hospital, d/b/a CAMC Women's Hospital, d/b/a CAMC Women and Children's Hospital, New Century Emergency Physicians, Inc., W.V., a West Virginia Corporation, Inphynet Hospital Services, Inc., a foreign corporation, doing business in the State of West Virginia, and Dr. Gordon J. Green, individually,<br><br>Defendants. | Civil Action No. |

DECLARATION OF
RICHARD G. BERGERON

1. I am an Attorney in the Division of Business and Administrative Law, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by



GOVERNMENT
EXHIBIT
2

the Department as well as with the system by which those records are maintained.

2. The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. Plaintiffs filed an administrative claim on May 29, 2002; to date no final disposition has been made.

4. I have also reviewed official agency records and determined that Community Health Foundation of Man, West Virginia, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1996 and that its coverage has continued without interruption since that time. A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Community Health Foundation of Man, West Virginia, Inc., is attached to this declaration as Exhibit 1.

5. Official agency records further indicate that Plaridel Tordilla, M.D., was an employee of Community Health Foundation of Man, West Virginia, at all times relevant to Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

-3-

Dated at Washington, D.C., this 20th day of June, 2002

RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services



DEPARTMENT OF HEALTH & HUMAN SERVICES
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

JUN 20 1996

Mr. Charles Williamson
Executive Director
Community Health Foundation of Man
600 East McDonald Avenue
Man, West Virginia 25635

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective July 1, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

**EXHIBIT 1**