

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

PENNY KENNEDY, RAYMOND
KENNEDY, individually
and as the legal guardians
and natural parents of
TREVOR KENNEDY,

       Plaintiffs,

v.                                CIVIL ACTION NO. 2:02-0906

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., DR.
PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER,
INC., d/b/a WOMEN AND CHILDREN'S
HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL
d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a
CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the
STATE OF WEST VIRGINIA, AND
GORDON J. GREEN, Individually,

       Defendants.

## MOTION TO DISMISS UNITED STATES FOR WANT OF
## SUBJECT MATTER JURISDICTION

COMES NOW the United States of America (United States),
pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure
and moves the Court for the entry of an Order dismissing

plaintiff's Complaint against the United States[1], without prejudice, for want of jurisdiction because the time limit for administrative review of plaintiff's tort claim filed on May 29, 2002, has not expired.  28 U.S.C. § 2671, et seq.

In support of its Motion, the United States attaches hereto and incorporates herein by reference a copy of the Declaration of Richard G. Bergeron[2] and its Memorandum of law.

WHEREFORE, the United States prays this Court dismiss the Complaint against it on the grounds set forth herein, and grant the United States such other relief to which it might be entitled.

Respectfully submitted,

KASEY WARNER
United States Attorney

By:

STEPHEN M. HORN
Assistant United States Attorney
P. O. Box 1713
Charleston, WV 25326-1713

---

[1]Pending before the Court is the United States Motion to Dismiss Community Health Foundation of West Virginia, Inc. and Plaridel Tordilla, M.D. for all alleged acts of negligence made against them and substitute the United States in their place.

[2]The original of the Declaration is attached to the United States Notice of Removal filed on July 1, 2002.

2



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

JUN 20 1996

Health Resources and
Services Administration
Bethesda MD 20814

Mr. Charles Williamson
Executive Director
Community Health Foundation of Man
600 East McDonald Avenue
Man, West Virginia 25635

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective July 1, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Penny Kennedy, Raymond Kennedy, )
individually and as the legal )
guardians and natural parents of )
Trevor Kennedy, )
)
)
Plaintiffs, )
)
v. )          Civil Action No.
)
Community Health Foundation of )
Man, West Virginia, Inc., Dr. )
Plaridel Tordilla, individually, ).
Charleston Area Medical Center, )
Inc., d/b/a Women and Children's )
Hospital of West Virginia, d/b/a )
Women and Children's Hospital )
d/b/a CAMC Children's Hospital, )
d/b/a CAMC Women's Hospital, d/b/a)
CAMC Women and Children's )
Hospital, New Century Emergency )
Physicians, Inc., W.V., a West )
Virginia Corporation, Inphynet )
Hospital Services, Inc., a foreign)
corporation, doing business in the)
State of West Virginia, and Dr. )
Gordon J. Green, individually, )
)
)
Defendants. )
)

DECLARATION OF
RICHARD G. BERGERON

　　　1.　I am an Attorney in the Division of Business and

Administrative Law, Office of the General Counsel, Department of

Health and Human Services (the "Department"). I am familiar with

the official records of administrative tort claims maintained by



-2-

the Department as well as with the system by which those records
are maintained.

2.   The Department's Program Support Center has a Claims
Branch that maintains in a computerized database a record of all
administrative tort claims filed with the Department, including
those filed with respect to federally supported health centers
that have been deemed to be eligible for Federal Tort Claims Act
malpractice coverage.

3.   Plaintiffs filed an administrative claim on May 29,
2002; to date no final disposition has been made.

4.   I have also reviewed official agency records and
determined that Community Health Foundation of Man, West
Virginia, Inc., was deemed eligible for Federal Tort Claims Act
malpractice coverage effective July 1, 1996 and that its coverage
has continued without interruption since that time.  A copy of
the notification by an Assistant Surgeon General, Department
of Health and Human Services, to Community Health Foundation of
Man, West Virginia, Inc., is attached to this declaration as
Exhibit 1.

5.   Official agency records further indicate that Plaridel
Tordilla, M.D., was an employee of Community Health Foundation of
Man, West Virginia, at all times relevant to Plaintiff's claim.

I declare under penalty of perjury that the foregoing is
true and correct.   28 U.S.C. § 1746.

-3-

Dated at Washington, D.C., this __20th__ day of

__June__ , 2002


RICHARD G. BERGERON
Attorney, Litigation Branch
Business and Administrative Law Division
Office of the General Counsel
Department of Health and Human Services