IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

RECEIVED
JUL - 2 2002
SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

PENNY KENNEDY, RAYMOND
KENNEDY, individually
and as the legal guardians
and natural parents of
TREVOR KENNEDY,

    Plaintiffs,

v.    CIVIL ACTION NO. 2:02-0906

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., DR.
PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER,
INC., d/b/a WOMEN AND CHILDREN'S
HOSPITAL OF WEST VIRGINIA, d/b/a
WOMEN AND CHILDREN'S HOSPITAL
d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a
CAMC WOMEN AND CHILDREN'S
HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West
Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign
corporation, doing business in the
STATE OF WEST VIRGINIA, AND
GORDON J. GREEN, Individually,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNITED STATES FOR WANT OF SUBJECT MATTER JURISDICTION

    For all the alleged acts of negligence by Community Health Foundation of Man, West Virginia, Inc. ("CHF") and Plaridel Tordilla, M.D., plaintiff must bring this action against the United States pursuant to the terms and conditions of the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq. and 42 U.S.C. § 233. In Bellomy v. United States, 888 F. Supp. 760 (S.D. W. Va. 1995), the Court addressed the administrative claim requirements of the FTCA:

> As sovereign, the federal government is immune from suit unless it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769, 85 L.Ed. 1058 (1941); Gould v. United States Dep't of Health and Human Servs., 905 F.2d 738, 741 (4th Cir. 1990), cert. denied, 498 U.S. 1025, 111 S. Ct. 673, 112 L. Ed. 2d 666 (1991); Muth v. United States, 804 F. Supp. 838, 843 (S.D. W. Va. 1992) (Haden, C.J.), aff'd, 1 F.3d 246 (4th Cir. 1993). The Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), creates a limited waiver of sovereign immunity. This limited waiver of sovereign immunity is subject to the prerequisite that the tort claim first be submitted to the appropriate federal agency within two years of accrual of the cause of action and that there be a final denial of the claim by the reviewing agency. Title 28 U.S.C. §§ 2401(b), 2675; Gould, supra, citing West v. United States, 592 F.2d 487, 492 (8th Cir. 1979); Kielwien v. United States, 540 F.2d 676, 679 (4th Cir.), cert. denied, 429 U.S. 979, 97 S. Ct. 491, 50 L. Ed. 2d 588 (1976).

888 F. Supp. at 763.

Filing a timely administrative claim is jurisdictional and may not be waived. Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993); Johnson v. United States, 906 F. Supp. 1100 (S.D. W. Va. 1995) and Hurt v. United States, 889 F. Supp. 248, 252 (S.D. W. Va. 1995). The failure of a plaintiff to exhaust his or her

administrative remedy prior to filing suit deprives this Court of subject matter jurisdiction. McNeil v. United States, 508 U.S. 106 (1993) and Plyler v. United States, 900 F.2d 41 (4th Cir. 1990).[1]

Furthermore, the Court is not allowed to hold the case in abeyance until a plaintiff files an administrative tort claim with the appropriate agency and the six (6) month time period expires. 28 U.S.C. § 2675. As the Fourth Circuit noted in Plyler: "Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired." Plyler, 900 F.2d at 42 (citation omitted).

According to the Declaration of Richard G. Bergeron, a copy of which is attached to the United States' Motion to Dismiss United States for Want of Subject Matter Jurisdiction, plaintiff filed an administrative tort claim with the appropriate federal agency, in this case the Department of Health and Human Services, on May 29, 2002. The statutory six months has not expired and, therefore, dismissal pursuant to Rule 12(b)(1) is appropriate. Williams v. United States, 50 F.3d 299 (4th Cir. 1993), and Dupont v. United States, 980 F. Supp. 192 (S.D. W.Va. 1997).

---

[1] "It is the duty of the Court to see to it that its jurisdiction is not exceeded. And this duty, when necessary, the Court should perform on its own motion." Spence v. Saunders, 792 F. Supp. 480, 482 (S.D. W. Va. 1992) (citation omitted). See also, Ruhrgas v. Marathon Oil Co., 526 U.S. 574 (1999) (citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998)).

3

Accordingly, the Court is without subject matter jurisdiction and the United States should be dismissed without prejudice.

UNITED STATES OF AMERICA,

KASEY WARNER
United States Attorney

By: _____
STEPHEN M. HORN
Assistant United States Attorney
P. O. Box 1713
Charleston, WV 25326

4

CERTIFICATE OF SERVICE

I, Stephen M. Horn Assistant United States Attorney for the Southern District of West Virginia, hereby certify that service of the **MOTION TO DISMISS UNITED STATES FOR WANT OF SUBJECT MATTER JURISDICTION FOR FAILURE TO FILE A CLAIM PURSUANT TO THE FEDERAL TORT CLAIMS ACT** and **MEMORANDUM OF LAW** made this 2nd day of July, 2002 by mailing a true copy through the United States mail, postage prepaid, to the following:

Pamela A. Lambert, Esquire
P.O. Drawer 926
Gilbert, WV  25621

Cheryl Eifort, Esquire
Office of General Counsel
501 Morris Street
P.O. Box 3669
Charleston, West Virginia  25336

David E. Schumacher, Esquire
Schumacher, Francis and Nelson
1600 Kanawha Valley Building
300 Capitol Street
P.O. Box 3029
Charleston, West Virginia  25331

Karen Tracy NcElhinny
Shuman, McCuskey and Slicer, PLLC
1411 Virginia Street, East, Suite 200
Charleston, West Virginia  25301

STEPHEN M. HORN
Assistant United States Attorney

ldj