IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

                                                          PLAINTIFFS    2:02-0906

v.

CIVIL ACTION NO. 02-C-133-P

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

                                                               DEFENDANTS

CERTIFICATE OF SERVICE

     I, PAMELA A. LAMBERT, Counsel for the Plaintiff, do hereby certify that I have this day served a true and correct copy of the following:

     Plaintiff's Response to Dr. Gordon Green's Request for Admissions upon the following counsel of record:

     Counsel for Defendants:
CAMC, Cheryl Eifert, Office of the General Counsel, 501 Morris Street, P.O. Box 3669, Charleston, W.V., 25336. Ph: 304-388-7532. Fx: 304-388-6027.
     Counsel for Defendants:
InPhyNet Hospital Services and Dr. Gordon Green, Karen Tracy McElhinny, Esquire, Shuman, McCluskey & Slicer, 1411 Virginia St. East, Suite 200, P.O. Box 3953, Charleston, W.V., 25339. Ph: 304-345-1400, Fx: 304-343-1826.

     Counsel for Defendants:

New Century Emergency Physicians, David E. Schumacher, Shumacher, Francis & Nelson, 1600 Kanawha Valley Bldg., 300 Capitol St. P.O. Box 3029, Charleston, W.V., 25331.

Counsel for Defendants:
Dr. Plaridel Tordilla and Community Health Foundation of Man, Stephen M. Horn, Esquire, Assistant United States Attorney, P.O. Box 1713, Charleston, W.V., 25326. Ph: 304-345-2200.

by\_\_\_\_X\_depositing the same in the United States mail postage prepaid
by\_\_\_X\_faxing the same to the above fax numbers
by_____hand-delivery
by_____a combination of the above

on this the 9th day of July 2002.

_____
PAMELA A. LAMBERT #2128

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

                 PLAINTIFFS

v.

        CIVIL ACTION NO. 02-C-133-P

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

                 DEFENDANTS

## PLAINTIFF'S RESPONSE TO DR. GORDON J. GREEN'S REQUEST FOR ADMISSIONS TO THE PLAINTIFFS

  Comes now the Plaintiffs, Penny Kennedy and Raymond Kennedy, individually and as the legal guardians and natural parents of Trevor Kennedy, and answers Dr. Gordon J. Green, M.D.'s Request for Admissions to the Plaintiffs, as follows:

1. Admit that you have suffered no lost wages as a result of your alleged injuries set forth in your complaint.

  RESPONSE: Plaintiff denies this request. Plaintiff Raymond Kennedy missed work during Trevor's surgery and it is unknown as to future economic losses on behalf of Trevor

Kennedy and Plaintiff Penny Kennedy has lost wages due to continued doctors visits for Trevor.

2. Admit that this action is governed by the West Virginia Medical Professional Liability Act, West Virginia Code 55-7B-1, et. seq.

    RESPONSE: Plaintiff admits this request.

3. Admit that medical expert testimony is necessary to establish the applicable standard of care and causation of damages in this case.

    RESPONSE: Plaintiff admits this request.

4. Admit that medical expert testimony is necessary to prove a breach of the applicable standard of care in this case.

    RESPONSE: Plaintiff admits this request.

5. Admit that in Emergency Room Department on April 30, 2000, you were informed that Trevor Kennedy was to be seen by his Primary doctor.

> RESPONSE: Plaintiff denies this request. As reflected in the Emergency Department After Care Instructions sheet, the plaintiff signed the document containing a line which reads "Specific Instructions", checked under the box "Other" it reads "Primary Care Physician". This document was presented to plaintiff for her signature before the release of her son from the emergency room. Whether or not that document was fully explained to her, or that she agreed with the opinion/advice is not evident because of impending stress and mental anguish over the condition of her son at the time of the signature. Given the presentation of the document, the plaintiff was not aware she had a choice in not signing the document. Plaintiff notes that she informed Dr. Green during this visit that Trevor had already been seen by his primary care pediatrician, without remedy.

6. Admit that in the Emergency Department on April 30, 2000, you were informed that Trevor Kennedy may need to be seen by an Orthopedic Physician.

> RESPONSE: Plaintiff denies this request. As reflected in the Emergency Department After Care Instructions sheet, the plaintiff signed the document containing a line which reads "Other Instuctions", stating "If symptoms persist - may need referral to orthopedic doctor." This document was presented to plaintiff for her signature before the release of her son from the emergency room. Whether or not that document was fully explained to her, or that she agreed with the opinion/advice is not evident because of stress and mental anguish over the condition of her son at the time of the signature. Given the presentation of the document, the plaintiff was not aware she had a choice in signing the document. Plaintiff notes that she informed Dr. Green during this visit that Trevor had already been seen by his primary care pediatrician, without remedy and that her concerns continued and she wished further evaluation/opinion as to his medical condition.

7. Admit that Dr. Gordon Green is an Emergency Room Physician.

> RESPONSE: Plaintiff denies this request. Plaintiff does not have sufficient knowledge or access to Dr. Green's education, specialization, and/or medical background.

>> PENNY KENNEDY, RAYMOND KENNEDY
>> Individually and as the Legal Guardians
>> and natural parents of TREVOR
>> KENNEDY
>> By Counsel

_____
PAMELA A. LAMBERT (#2128)
LAMBERT & NEW
P.O. DRAWER 926
GILBERT, W.V., 25621
PH: 304-664-3096
FAX: 304-664-8640