IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY,

Plaintiffs,

v.

CIVIL ACTION NO. 2:02-0906
Joseph R. Goodwin, Judge

COMMUNITY HEALTH FOUNDATION OF MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually,

Defendants.

DEFENDANTS INPHYNET HOSPITAL SERVICES, INC. AND
DR. GORDON J. GREEN'S MOTION TO COMPEL

NOW COMES Defendants InPhyNet Hospital Services, Inc. and Gordon J.

Green, M.D., by counsel, David L. Shuman, Karen Tracy McElhinny, and Shuman,

McCuskey & Slicer, PLLC, and, pursuant to Rule 37 of the Federal Rules of Civil

Procedure, respectfully requests that this Honorable Court compel the Plaintiffs to respond to Defendant Dr. Gordon Green's First Set of Interrogatories and Requests for Production. In support of their Motion, InPhyNet and Dr. Green state as follows:

1.      On May 30, 2002, Defendant Gordon J. Green, M.D. served his First Set of Interrogatories, Requests for Production and Requests for Admissions on the Plaintiffs by U.S. Mail. (Certificate of Service for Defendant, Gordon J. Green, M.D.'s First Set of Interrogatories, Request For Production and Request for Admissions to the Plaintiffs attached hereto as Exhibit A.)

2.      Plaintiffs failed to respond to these discovery requests in a timely fashion which required responses on or before July 2, 2002.

3.      On July 5, 2002, counsel for Defendants InPhyNet and Gordon J. Green, M.D. attempted in good faith to confer with Plaintiffs' counsel in order to resolve this discovery dispute. Specifically, counsel for Defendants InPhyNet and Dr. Green attempted to contact Plaintiffs' counsel's office by telephone and, after receiving an answering service, counsel for Dr. Green and InPhyNet attempted to contact Plaintiffs' counsel by letter. (Letter from Karen Tracy McElhinny to Pamela A. Lambert dated July 5, 2002 attached hereto as Exhibit B.)

4.      On July 9, 2002, Plaintiffs' counsel faxed to counsel of record Plaintiffs' Responses to Dr. Green's Requests for Admissions. (Plaintiffs' Response to Dr. Gordon J. Green's Admissions to Plaintiffs attached hereto as Exhibit C.) However, Plaintiffs

2

failed to provide any response whatsoever to Dr. Green's Interrogatories and Requests for

Production of Documents and further failed to request an extension of time in which to

respond or explain the delay.

5.    Rule 37(d) of the Federal Rules of Civil Procedure states in pertinent part

that:

> If a party or an officer, director or managing agent of a party
> or a person designated under Rule 30(b)(6) or 31(a) to testify
> on behalf of a party fails . . . to serve answers or objections to
> interrogatories submitted under Rule 33, after proper service
> of the interrogatories, or (3) to serve a written response to
> requests for inspection submitted under Rule 34, after proper
> service of the request, the court in which the action is pending
> on motion may make such orders in regard to the failure as
> are just, and among others it may take any action authorized
> under subparagraphs (A), (B), and (C) of subdivision (b)(2) of
> this Rule. Any motion specifying a failure under clause (2) or
> (3) of this subdivision shall include a certification that the
> movant has in good faith conferred or attempted to confer
> with the party failing to answer or respond in an effort to
> obtain such answer or response without court action. In lieu
> of any order or in addition thereto, the court shall require the
> party failing to act or the attorney advising that party or both
> to pay the reasonable expenses, including attorney's fees,
> caused by the failure unless the court finds that the failure was
> substantially justified or that other circumstances make an
> award of expenses unjust.

6.    Commentators have interpreted Rule 37(d) as designed to discourage

outright failure to respond in any way to discovery as is present in the instant case:

> The misconduct of which subdivision (d) is directed consists
> of a party's complete failure to respond, by way of
> appearance, objection, answer, or motion for protective order,

3

> to a discovery request. Such a complete failure strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing. It provides the propounding party with no evidence, no basis to begin to understand the grounds for objection, and thus no basis for a dialogue that may refine and move the discovery process forward. It is precisely because outright failures to respond to discovery halt the discovery system, that subdivision (d) of Rule 37 authorizes district courts, in responding to this type of misconduct, to pass over the system of progressive discipline that is established in the first two subdivisions of Rule 37, and to impose in the first instance any of a wide range of sanctions.

Moore's Federal Practice 3d Section 37.90.

7.      Indeed, the Fourth Circuit has even found that the sanction of granting a default judgment is available to courts in certain circumstances. <u>Wilson v. Volkswagen of America, Inc.</u>, 561 F.2d 494, 503-505 (4th Cir. 1977).

8.      In the case at bar, Defendants Dr. Green and InPhyNet are not asking this Court to impose the harsh sanction of default or even to impose monetary sanctions against the Plaintiffs or their counsel. Rather, we simply ask that this Honorable Court compel Plaintiffs to immediately produce full and complete responses to Defendants' interrogatories and requests for production.

**WHEREFORE**, Gordon J. Green, M.D. and InPhyNet Hospital Services, Inc. respectfully request that this Honorable Court compel Plaintiffs to respond immediately

in a full and complete manner to all of Dr. Green's Interrogatories and Requests for

Production of Documents.

**GORDON J. GREEN, M.D. AND
INPHYNET HOSPITAL SERVICES, INC.**

By counsel.

**SHUMAN, McCUSKEY & SLICER, PLLC**
1411 Virginia Street East, Suite 200
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
(304) 343-1826-facsimile

By: _____
     David L. Shuman   WVSB No. 3389
     Karen Tracy McElhinny  WVSB No. 7517

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY,

       Plaintiffs,

v.

                                           CIVIL ACTION NO. 02-C-133
                                           Roger L. Perry, Judge

COMMUNITY HEALTH FOUNDATION OF MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually,

       Defendants.

## CERTIFICATE OF SERVICE

I, David L. Shuman/Karen Tracy McElhinny do here by certify that I served true and exact copies of the foregoing *Defendant, Gordon J. Green, M.D.'s First Set Of Interrogatories, Request for Production And Request for Admissions to the Plaintiffs* this the 30th day of May, 2002, on all counsel of record via the United States Postal Service in a stamped envelope addressed as follows:

Pamela A. Lambert, Esquire
Lambert and New
P.O. Drawer 926
Gilbert WV 25621
  *Counsel for Plaintiffs*

David E. Schumacher, Esquire
Schumacher, Francis & Nelson
P.O. Box 3029
Charleston, WV 25331-3029
  *Counsel for New Century
  Emergency Physici*

CIRCUIT CLERK OF LOGAN COUNTY
Mr. Alvis Porter
Logan County Circuit Court Courthouse
300 Stratton Street
Logan WV 25601
 *(for all co-defendants whose counsel is not yet known)*

David L. Shuman, Esq. (WVSB #3389)
Karen Tracy McElhinny, Esq. (WVSB #7517)

# Shuman, McCuskey & Slicer PLLC

*Attorneys at Law*

1411 Virginia Street, East
Suite 200
P.O. Box 3953
Charleston, West Virginia 25339

*Karen Tracy McElhinny*
E-mail: kmcelhinny@shumanlaw.com

Telephone 304.345.1400
Facsimile 304.343.1826
www.shumanlaw.com

July 5, 2002

Pamela A. Lambert, Esquire
Lambert and New
P.O. Drawer 926
Gilbert WV 25621

> **Re:** **Kennedy v. Green, *et al.***
> **Civil Action No. 2:02-0906**
> **SMS File No. 6500-1167**

Dear Ms. Lambert:

I am writing in an attempt to resolve a potential discovery dispute. We served our First Set of Interrogatories, Requests for Production and Requests for Admission on you by U.S. Mail on May 30, 2002. By my calculation, even including three additional days for service by mail, your responses were due on July 2, 2002. We attempted to contact your office on July 5, in order to determine whether you had mailed responses to our discovery requests, but it appears that your office may be closed for the holiday.

At your earliest convenience, please let me know when I can expect to receive your responses.

Very truly yours,

Karen Tracy McElhinny

KTM:dld

cc: Gordon J. Green, M.D.
Mark Wilford, CPCU



IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNYKENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

PLAINTIFFS

v.

CIVIL ACTION NO. 02-C-133-P

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

DEFENDANTS

CERTIFICATE OF SERVICE

I, PAMELA A. LAMBERT, Counsel for the Plaintiff, do hereby certify that I have this day served a true and correct copy of the following:

Plaintiff's Response to Dr. Gordon Green's Request for Admissions upon the following counsel of record:

Counsel for Defendants:
CAMC, Cheryl Eifert, Office of the General Counsel, 501 Morris Street, P.O. Box 3669, Charleston, W.V., 25336. Ph: 304-388-7532. Fx: 304-388-6027.
Counsel for Defendants:
InPhyNet Hospital Services and Dr. Gordon Green, Karen Tracy McElhinny, Esquire, Shuman, McCluskey & Slicer, 1411 Virginia St. East, Suite 200, P.O. Box 3953, Charleston, W.V., 25339. Ph: 304-345-1400, Fx: 304-343-1826.

Counsel for Defendants:



New Century Emergency Physicians, David E. Schumacher, Shumacher, Francis & Nelson, 1600 Kanawha Valley Bldg., 300 Capitol St. P.O. Box 3029, Charleston, W.V., 25331.

Counsel for Defendants:
Dr. Plaridel Tordilla and Community Health Foundation of Man, Stephen M. Horn, Esquire, Assistant United States Attorney, P.O. Box 1713, Charleston, W.V., 25326. Ph: 304-345-2200.

by____X_depositing the same in the United States mail postage prepaid
by____X_faxing the same to the above fax numbers
by_____hand-delivery
by_____a combination of the above

on this the _9th_ day of ___July___ 20_02_.

_____
PAMELA A. LAMBERT #2128

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNYKENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

                                PLAINTIFFS

v.

                CIVIL ACTION NO. 02-C-133-P

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

                             DEFENDANTS

### PLAINTIFF'S RESPONSE TO DR. GORDON J. GREEN'S REQUEST FOR ADMISSIONS TO THE PLAINTIFFS

Comes now the Plaintiffs, Penny Kennedy and Raymond Kennedy, individually and as the legal guardians and natural parents of Trevor Kennedy, and answers Dr. Gordon J. Green, M.D.'s Request for Admissions to the Plaintiffs, as follows:

1. Admit that you have suffered no lost wages as a result of your alleged injuries set forth in your complaint.

    RESPONSE: Plaintiff denies this request. Plaintiff Raymond Kennedy missed work during Trevor's surgery and it is unknown as to future economic losses on behalf of Trevor

Kennedy and Plaintiff Penny Kennedy has lost wages due to continued doctors visits for Trevor.

2. Admit that this action is governed by the West Virginia Medical Professional Liability Act, West Virginia Code 55-7B-1, et. seq.

RESPONSE: Plaintiff admits this request.

3. Admit that medical expert testimony is necessary to establish the applicable standard of care and causation of damages in this case.

RESPONSE: Plaintiff admits this request.

4. Admit that medical expert testimony is necessary to prove a breach of the applicable standard of care in this case.

RESPONSE: Plaintiff admits this request.

5. Admit that in Emergency Room Department on April 30, 2000, you were informed that Trevor Kennedy was to be seen by his Primary doctor.

RESPONSE: Plaintiff denies this request. As reflected in the Emergency Department After Care Instructions sheet, the plaintiff signed the document containing a line which reads "Specific Instructions", checked under the box "Other" it reads "Primary Care Physician". This document was presented to plaintiff for her signature before the release of her son from the emergency room. Whether or not that document was fully explained to her, or that she agreed with the opinion/advice is not evident because of impending stress and mental anguish over the condition of her son at the time of the signature. Given the presentation of the document, the plaintiff was not aware she had a choice in not signing the document. Plaintiff notes that she informed Dr. Green during this visit that Trevor had already been seen by his primary care pediatrician, without remedy.

6. Admit that in the Emergency Department on April 30, 2000, you were informed that Trevor Kennedy may need to be seen by an Orthopedic Physician.

      RESPONSE: Plaintiff denies this request. As reflected in the Emergency Department After Care Instructions sheet, the plaintiff signed the document containing a line which reads "Other Instuctions", stating "If symptoms persist - may need referral to orthopedic doctor." This document was presented to plaintiff for her signature before the release of her son from the emergency room. Whether or not that document was fully explained to her, or that she agreed with the opinion/advice is not evident because of stress and mental anguish over the condition of her son at the time of the signature. Given the presentation of the document, the plaintiff was not aware she had a choice in signing the document. Plaintiff notes that she informed Dr. Green during this visit that Trevor had already been seen by his primary care pediatrician, without remedy and that her concerns continued and she wished further evaluation/opinion as to his medical condition.

7. Admit that Dr. Gordon Green is an Emergency Room Physician.

      RESPONSE:  Plaintiff denies this request. Plaintiff does not have sufficient knowledge or access to Dr. Green's education, specialization, and/or medical background.

 

_____

PENNY KENNEDY, RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of TREVOR
KENNEDY
By Counsel

PAMELA A. LAMBERT (#2128)
LAMBERT & NEW
P.O. DRAWER 926
GILBERT, W.V., 25621
PH: 304-664-3096
FAX: 304-664-8640

```
                        ***********************
                    ***    TX REPORT    ***
                    ***********************


    TRANSMISSION OK

    TX/RX NO                2954
    CONNECTION TEL                  13043431826
    CONNECTION ID
    ST. TIME                07/09 13:16
    USAGE T                 02'52
    PGS. SENT                  8
    RESULT                  OK
```

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNYKENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

PLAINTIFFS

v.

CIVIL ACTION NO. 02-C-133-P

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

DEFENDANTS

### CERTIFICATE OF SERVICE

I, PAMELA A. LAMBERT, Counsel for the Plaintiff, do hereby certify that I
have this day served a true and correct copy of the following:

Plaintiff's Response to Dr. Gordon Green's Request for Admissions upon
the following counsel of record:

Counsel for Defendants:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY,

        **Plaintiffs,**

v.                                                            **CIVIL ACTION NO. 2:02-0906**
                                     **Joseph R. Goodwin, Judge**

COMMUNITY HEALTH FOUNDATION OF MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually,

        **Defendants.**

### CERTIFICATE OF SERVICE

I, David L. Shuman/Karen Tracy McElhinny do here by certify that I served true and exact copies of the foregoing "**Defendants InPhyNet Hospital Services, Inc. And Dr. Gordon J. Green's Motion to Compel**" on all counsel of record via the United States Postal Service in a stamped envelope addressed as follows:

                Pamela A. Lambert, Esquire (2128)
                Lambert and New
                P.O. Drawer 926
                Gilbert WV 25621
                  *Counsel for Plaintiffs*

David E. Schumacher, Esquire (3304)
Schumacher, Francis & Nelson
P.O. Box 3029
Charleston, WV 25331-3029
    *Counsel for New Century Emergency Physicians*

Cheryl Eifert, Esquire
Office of the General Counsel
P.O. Box 3669
Charleston, WV 25336
    *Counsel for Charleston Area Medical Center*

Stephen M. Horn, Esquire
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326-1713
    *Counsel for United States* (Community Health Foundation of
Man, West Virginia, Inc., and Plaridel Tordilla, M.D.)

Dated this 16th day of July, 2002.

David L. Shuman, Esq. (WVSB 3389)
Karen Tracy McElhinny, Esq. (WVSB #7517)

2