IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

RECEIVED
JUL 2 4 2002
SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

        Plaintiffs,

v.                                       CIVIL ACTION NO. 2:02-0906
                                       (JUDGE GOODWIN)

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and
DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL
OF WEST VIRGINIA, d/b/a WOMEN AND CHILDREN'S
HOSPITAL d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL,
NEW CENTURY EMERGENCY PHYSICIANS, INC.,
W.V., a West Virginia Corporation,
INPHYNET HOSPITAL SERVICES, INC.,
a foreign corporation, doing business in the
STATE OF WEST VIRGINIA, and
DR. GORDON J. GREEN, individually

        Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

        COME NOW, the plaintiffs, by counsel, and hereby rely on the following memorandum of law in support of their motion to remand this matter to the Circuit Court of Logan County, West Virginia.

## I. FACTS

This action arises out of a Complaint filed in the Circuit Court of Logan County, West Virginia alleging medical negligence against various health care providers. The Complaint was filed on or about April 24, 2002.

Among those providers included as defendants in the Complaint, the plaintiffs allege negligence on behalf of Community Health Foundation of Man, West Virginia, Inc., and Dr. Plaridel Tordilla. On July 1, 2002, the United States of America filed a Notice of Removal pursuant to 28 U.S.C. §1446 removing this action to the United States District Court for the Southern District of West Virginia in Charleston, West Virginia. In this Notice of Removal, the United States asserts that the Community Health Foundation of Man, West Virginia, Inc., and Plaridel Tordilla, M.D., were deemed employees of the United States for purposes of the Public Health Services Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act in 1992, as amended in 1995. Furthermore, the United States asserts that the Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680 provides the exclusive remedy for medical and related services performed by employees of deemed entities while acting in the scope of their employment. Also, the United States asserts that the Attorney General, acting through his designee, United States Attorney for the Southern District of West Virginia, has certified that the actions of the Community Health Foundation of Man, West Virginia, Inc. and Plaridel Tordilla, M.D. were within the scope of their employment. The United States certified that the action was properly removed to this Court.

On July 2, 2002 the United States filed its Motion to Dismiss the Community Health Foundation of Man, West Virginia, Inc. and Plaridel Tordilla, M.D. and substitute the United

States as the proper defendant. On July 2, 2002, the United States of America moved to dismiss this action for a lack of subject matter jurisdiction. More specifically, the United States contends that this action should be dismissed for want of jurisdiction because the time limit for administrative review of the plaintiffs' proof of claim, which was filed on May 29, 2002, has not expired. The United States has a six (6) month time period to respond to that proof of claim. 28 U.S.C. §2675.

On July 11, 2002 the United States of America filed a Motion to Stay the Court's Order and Notice entered on July 10, 2002. In its Motion, the United States alleges that this Court has no subject matter jurisdiction of this action until the statutory six (6) months has expired and may not hold this action in abeyance pending the six (6) month review period. Also, the United States alleges that until the Court's jurisdiction is resolved by the various motions it has filed, it would be more cost effective and efficient for the Court and litigants to stay the Order and Notice. Furthermore, the United States argues that once it is dismissed, the remaining parties should be remanded to State court.

## II. ARGUMENT

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemical Co., Inc., 29 F.3d 148,151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 F.3d 144 (1921)). Since significant federalism concerns are raised by removal jurisdiction, it must be strictly construed. Mulcahey, 29 F.3d at 151. Remand is necessary if federal jurisdiction is doubtful. Mulcahey, 29 F.3d at 151.

Section 2679 of the United States Code states that:

> upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. §2679(c)(2). Furthermore, "such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for the purposes of removal." Id.

As the United States points out, jurisdiction of this Court is based upon 28 U.S.C. §2679. Without proper consideration being given to the plaintiffs' proof of claim by the Attorney General of the United States, this Court is without jurisdiction of this matter.

Furthermore, upon the Court's consideration of the Government's Motion to Dismiss, the case against the remaining defendants should me remanded to State court for further consideration in the Circuit Court of Logan County, West Virginia.

There is no evidence whatsoever that any of the remaining defendants can raise any jurisdictional issues such as diversity of citizenship jurisdiction pursuant to 28 U.S.C.§1332 or federal question pursuant to 28 U.S.C. §1331.

Therefore, without this Court having proper jurisdiction for consideration of this matter without the United States as a defendant in this case, the case should be remanded for further consideration in the State court.

4

### III. CONCLUSION

Therefore, as the plaintiffs have no objection to the United States' Motion to Dismiss, upon the Court's consideration of the same, this matter should be remanded to Circuit Court of Logan County, West Virginia, for further consideration of the claims presented against those defendants other than the Community Health Foundation of Man, West Virginia, Inc., and Plaridel Tordilla, M.D. Likewise, the matter should be remanded and dismissed from the active docket of this Court.

                                        **PENNY KENNEDY, RAYMOND KENNEDY**
                                        **Individually and as the Legal Guardians and**
                                        **natural parents of TREVOR KENNEDY**
                                        **By Counsel**

_____
Scott S. Segal (W.V. BAR #4717)
Deborah L. McHenry (W.V. BAR #4120)
Samuel A. Hrko (W.V. BAR #7727)
**THE SEGAL LAW FIRM**
A Legal Corporation
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
(304) 344-9100


Pamela A. Lambert (W.V. BAR #2128)
**LAMBERT & NEW**
Attorneys at Law
Post Office Drawer 926
Gilbert, West Virginia 25621
(304) 664-3096

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

   Plaintiffs,

v.             CIVIL ACTION NO. 2:02-0906

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and
DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL
OF WEST VIRGINIA, d/b/a WOMEN AND CHILDREN'S
HOSPITAL d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL,
NEW CENTURY EMERGENCY PHYSICIANS, INC.,
W.V., a West Virginia Corporation,
INPHYNET HOSPITAL SERVICES, INC.,
a foreign corporation, doing business in the
STATE OF WEST VIRGINIA, and
DR. GORDON J. GREEN, individually

   Defendants.

### CERTIFICATE OF SERVICE

I, Samuel A. Hrko, do hereby certify that I have served a true and accurate copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** to all counsel of record this 24th day of July, 2002 via United States Mail, postage prepaid as follows:

Stephen M. Horn
**Assistant United States Attorney**
Post Office Box 1713
Charleston, West Virginia 25326

Cheryl Eifort, Esquire
**Office of General Counsel**
501 Morris Street
Post Office Box 3669
Charleston, West Virginia 25336

David E. Schumacher, Esquire
**Schumacher, Francis and Nelson**
1600 Kanawha Valley Building
Post Office Box 3029
Charleston, West Virginia 25331

Karen Tracy McElhinny, Esquire
**Shuman, McCuskey and Slicer, PLLC**
1411 Virginia Street, East, Suite 200
Charleston, West Virginia 25301

Pamela A. Lambert
**LAMBERT & NEW**
Post Office Drawer 926
Gilbert, West Virginia 25621

---
SAMUEL A. HRKO (W.V. BAR # 7727)