**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

PENNY KENNEDY and RAYMOND
KENNEDY, individually and as the Legal
Guardians and natural parents of
TREVOR KENNEDY,

                    Plaintiffs,

v.                                                                      CIVIL ACTION NO. 2:02-0906

COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., et al.,

                    Defendants.

**ENTERED**

**AUG 2 1 2002**

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant United States's (1) Motion to Substitute [docket # 3]; (2) Motion to Dismiss [docket # 4]; and (3) Motion to Stay [docket # 8]. Also pending before the court is the plaintiffs' Motion to Remand [docket # 17]. For the reasons discussed below, the court **GRANTS** the United States's Motion to Dismiss the defendants Community Health Foundation (CHF) and Plaridel Tordilla, M..D.; **GRANTS** the Motion to Substitute the United States as the proper defendant; **GRANTS** the Motion to Dismiss for Lack of Subject Matter Jurisdiction; **GRANTS** the Motion to Stay the Court's Order and Notice entered on July 10, 2002; and **GRANTS** the plaintiffs' Motion to Remand.

*19*

## I.   BACKGROUND

This case arises out of a complaint filed on April 24, 2002, in the Circuit Court of Logan County, West Virginia alleging medical negligence against various health-care providers. Among those providers included as defendants in the complaint, the plaintiffs allege that CHF and Tordilla were negligent when they failed to timely recognize, diagnose, and appropriately treat and care for their son, Trevor Kennedy. The plaintiffs further claim that CHF and Tordilla were negligent when they failed to adequately monitor, supervise, and investigate Trevor's medical condition. The plaintiffs allege that Trevor suffered extreme pain and partial paralysis as a result of the defendants' negligence.

On July 1, 2002, the United States filed a notice of removal pursuant to 28 U.S.C. § 1446 (2002), removing the action to this court. In the removal notice, the United States asserts that CHF and Tordilla were "deemed" employees of the United States for purposes of the Public Health Services Act (PHSA), 42 U.S.C. § 223(h), *as amended* 42 U.S.C. § 233(a) (1996). The PHSA provides that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80 (2002), is the exclusive remedy for medical and related services performed by their employees of deemed entities while acting in the scope of their employment. 42 U.S.C. § 233(a). The United States certified that CHF and Tordilla were acting within the scope of their employment.

## II.   DISCUSSION

On July 2, 2002, the United States filed a Motion to Dismiss the defendants CHF and Tordilla and to substitute the United States as the proper defendant. On July 2, 2002, the United States also filed a Motion to Dismiss the United States for Lack of Subject Matter Jurisdiction

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On July 11, 2002, the United States filed a Motion to Stay the Court's Order and Notice entered on July 10, 2002. On July 24, 2002, the plaintiffs' filed a Motion to Remand the action to the Circuit Court of Logan County, West Virginia.

**A.    Whether Substitution of the United States as a Defendant is Proper**

The United States first asserts that it should be substituted as a party defendant pursuant to § 2679 of the FTCA. 28 U.S.C. § 2679. The FTCA immunizes a federal employee from liability for his "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of his office or employment." *Id.* § 2679(b)(1). The PHSA provides that the FTCA is the exclusive remedy for medical and related services performed by their employees of deemed entities while acting in the scope of their employment. 42 U.S.C. § 233(a). When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was acting within the scope of his or her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(2). Once certified, the United States is substituted as a party defendant and all suits filed in state court are removed to federal court. *Id.* Subsequently, the plaintiff's sole route for recovery is under the FTCA. *Id.* § 2679(b)(1).

In this case, CHF was deemed eligible for FTCA malpractice coverage effective July 1, 1996, by the Department of Health and Human Services (HHS), and its coverage continued without interruption from that time. Tordilla was an employee of CHF at all times relevant to the plaintiffs' claim. After the plaintiffs' filed their complaint, the Attorney General, acting through his designee, the United States Attorney for the Southern District of West Virginia, Kasey Warner, certified that CHF and Tordilla were acting within the scope of their employment with

-3-

respect to the allegations set forth in the complaint.  Accordingly, pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233, the court **FINDS** that the United States properly removed the case from the Circuit Court of Logan County to this court and **GRANTS** the United States's Motion to Substitute itself as the party defendant.

## B.    Whether the United States Should be Dismissed for Lack of Subject Matter Jurisdiction

The United States next contends that this action should be dismissed for lack of subject matter jurisdiction because the time limit for administrative review of plaintiffs' proof of claim, filed on May 29, 2002, has not yet expired.  The United States has a six-month time period to respond to that proof of claim.  28 U.S.C. § 2675(a) (2002).

The FTCA is a limited waiver of sovereign immunity.  *See* 28 U.S.C. §§ 2671-2680; *Molsof v. United States*, 502 U.S. 301, 305 (1992) (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Honda v. Clark*, 386 U.S. 484, 501 (1967)).  Among the limitations that Congress placed on the consent to suit is the requirement that the plaintiff initially present an administrative claim to an appropriate federal agency within two years of the date the cause of action accrues.  *Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993).  The FTCA explicitly provides that a tort claim is "forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b); *Muth*, 1 F.3d at 249; *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990).  The United States has a six-month time period in which to respond.  28 U.S.C. § 2675(a).  Here, the plaintiffs filed an administrative tort claim with the appropriate federal agency, HHS, on May 29, 2002.  The statutory six months has not expired and HHS has not denied plaintiffs claim.

Filing a timely administrative claim is jurisdictional and may not be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Muth*, 1 F.3d at 249; *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). The failure of a plaintiff to exhaust his or her administrative remedies prior to filing suit deprives this court of subject matter jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 111 (1993); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

Furthermore, § 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a). The court, however, is not allowed to hold the case in abeyance until a plaintiff files an administrative tort claim with the appropriate agency and the six-month time period expires. *See Plyler*, 900 F.2d at 42. As the Fourth Circuit noted in *Plyler*: "Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired." *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981)).

Accordingly, the court **GRANTS** the United States's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Because of the foregoing, the court **FINDS** that there is good cause to stay the order and notice entered on July 10, 2002, and consequently **GRANTS** the United States's Motion to Stay.

## C.     Plaintiffs' Motion to Remand

Finally, the plaintiffs argue that the case with its remaining parties should be remanded to state court once the United States is dismissed. The United States agrees with the plaintiffs' position. Diversity of citizenship is not present and there is no federal question. 28 U.S.C. §§

-5-

1332, 1331. Thus, the court **GRANTS** the plaintiffs' Motion to Remand and **ORDERS** the case to be remanded to the Circuit Court of Logan County, West Virginia.

In sum, the court **GRANTS** the United States's Motion to Dismiss CHF and Tordilla and to substitute the United States as the proper defendant; **GRANTS** the United States's Motion to Dismiss for Lack of Subject Matter Jurisdiction; **GRANTS** the Unites States's Motion to Stay the Court's Order and Notice entered on July 10, 2002; and **GRANTS** the plaintiffs' Motion to Remand for further consideration of the claims presented against those defendants other than CHF and Tordilla.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        AUGUST 20, 2002

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE